

ORIGINAL

1 THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2 THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
Telephone: 415/674-8600
4 Facsimile: 415/674-9900

5 Attorneys for Plaintiff
CRAIG YATES, an individual
6

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

10

11 CRAIG YATES, an individual,          )   CASE NO. **10      3748**
                                       )   **Civil Rights**
12          Plaintiff,                  )
                                       )   **COMPLAINT FOR INJUNCTIVE RELIEF
13 v.                                   )   AND DAMAGES:**
                                       )
14 SHANGHAI CHINA RESTAURANT &          )   **1st CAUSE OF ACTION:** For Denial of Access
                                       )   by a Public Accommodation in Violation of the
15 ZAOH RESTAURANT, a.k.a. KAAN Y.      )   Americans with Disabilities Act of 1990 (42
CHIN and EVA K. CHIN, as Trustees of the )   U.S.C. §12101, *et seq.*)
16 Chin Family Trust, U.D.T. ("Under    )
17 Declaration of Trust"), dated May 19, 2005; )   **2nd CAUSE OF ACTION:** For Denial of Full
and SOO QUN CHIN, as Trustee of the    )   and Equal Access in Violation of California
18 SOO QUN CHIN TRUST, U.D.T. ("Under   )   Civil Code §§54, 54.1 and 54.3
19 Declaration of Trust"), dated May 16, 2006, )
                                       )   **3rd CAUSE OF ACTION:** For Denial of
20          Defendants.                 )   Accessible Sanitary Facilities in Violation of
                                       )   California Health & Safety Code §19955, *et seq.*
21 _____ )
                                           **4th CAUSE OF ACTION:** For Denial of
22                                         Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
23                                         Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)
24

25                                         **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1     Plaintiff CRAIG YATES, an individual, complains of defendants KAAN Y. CHIN and

2  EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"),

3  dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T.

4  ("Under Declaration of Trust"), dated May 16, 2006, which are also known by the public

5  accommodations they own as, SHANGHAI CHINA RESTAURANT & ZAOH RESTAURANT

6  and alleges as follows:

7  **INTRODUCTION:**

8     1.     This is a civil rights action for discrimination against persons with physical

9  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

10  for failure to remove architectural barriers structural in nature at defendants' SHANGHAI

11  CHINA RESTAURANT & ZAOH RESTAURANT, each a place of public accommodation,

12  thereby discriminatorily denying plaintiff and the class of other similarly situated persons with

13  physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and

14  benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks

15  injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C.

16  §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety

17  Code §19955, *et seq.*

18     2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

19  April 17, 2010, May 11, 2010, June 15, 2010 and August 2, 2010 was an invitee, guest, patron,

20  customer at defendants' SHANGHAI CHINA RESTAURANT, and who was an invitee, guest,

21  patron, customer at defendants' ZAOH RESTAURANT on or about April 17, 2010,

22  May 12, 2010 and July 14, 2010, in the City of San Francisco, California. At said times and

23  places, defendants failed to provide proper legal access to both SHANGHAI CHINA

24  RESTAURANT and ZAOH RESTAURANT, each of which is a "public accommodation" and/or

25  a "public facility" including, but not limited to the entrance(s) and unisex restroom(s). The

26  denial of access was in violation of both federal and California legal requirements, and plaintiff

27  CRAIG YATES suffered violation of his civil rights to full and equal access, and was

28  embarrassed and humiliated.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **JURISDICTION AND VENUE:**

2  3.  **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6  California law, whose goals are closely tied with the ADA, including but not limited to violations

7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8  *seq.*, including §19959; Title 24 California Building Standards Code.

9  4.  **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10  founded on the facts that the real property which is the subject of this action is located at/near

11  1555 Mission Street, 1559 Mission Street, in the City and County of San Francisco, State of

12  California, and that plaintiff's causes of action arose in this county.

13  **PARTIES:**

14  5.  Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

15  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16  disabled", "physically handicapped" and "person with physical disabilities" are used

17  interchangeably, as these words have similar or identical common usage and legal meaning, but

18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

22  and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

23  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

24  portion of the public whose rights are protected by the provisions of Health & Safety Code

25  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

26  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

27  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

28  §12101, *et seq.*

1    6.    Defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of the Chin Family

2  Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as

3  Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16,

4  2006 (hereinafter alternatively collectively referred to as "defendants") are the owners and

5  operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

6  accommodation(s) known as SHANGHAI CHINA RESTAURANT and ZAOH RESTAURANT,

7  located at/near 1555 Mission Street, 1559 Mission Street, San Francisco, California, respectively,

8  or of the building and/or buildings which constitute said public accommodations.

9    7.    At all times relevant to this complaint, defendants KAAN Y. CHIN and EVA K.

10  CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May

11  19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under

12  Declaration of Trust"), dated May 16, 2006, own and operate in joint venture the subject

13  SHANGHAI CHINA RESTAURANT & ZAOH RESTAURANT as public accommodations.

14  This business is open to the general public and conducts business therein. Each business is a

15  "public accommodation" or "public facility" subject to the requirements of California Civil Code

16  §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C.

17  §12101, *et seq.*

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    8.    At all times relevant to this complaint, defendants KAAN Y. CHIN and EVA K.

2  CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May

3  19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under

4  Declaration of Trust"), dated May 16, 2006 are jointly and severally responsible to identify and

5  remove architectural barriers at the subject restaurants pursuant to Code of Federal Regulations

6  title 28, section 36.201(b), which states in pertinent part:

7        **§ 36.201      General**

8            (b) *Landlord and tenant responsibilities.* Both the landlord
             who owns the building that houses a place of public
9            accommodation and the tenant who owns or operates the place of
             public accommodation are public accommodations subject to the
10           requirements of this part. As between the parties, allocation of
             responsibility for complying with the obligations of this part may
11           be determined by lease or other contract.

12        28 CFR §36.201(b)

13  **PRELIMINARY FACTUAL ALLEGATIONS:**

14    9.    The SHANGHAI CHINA & ZAOH, are restaurants, located at/near 1555 Mission

15  Street, 1559 Mission Street, San Francisco, California. The SHANGHAI CHINA & ZAOH,

16  their entrance(s) and unisex restroom(s), and its other facilities are each a "place of public

17  accommodation or facility" subject to the barrier removal requirements of the Americans with

18  Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone

19  "alterations, structural repairs and additions," each of which has subjected the SHANGHAI

20  CHINA & ZAOH and each of its facilities, their entrance(s) and unisex restroom(s) to disability

21  access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG),

22  and Title 24 of the California Code of regulations (Title 24).

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

10.     On or about but before May 16, 2006, defendants' and each of them purchased and/or took possessory control of the premises now known as SHANGHAI CHINA & ZAOH. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that SHANGHAI CHINA & ZAOH were not accessible to the disabled.  Nevertheless, defendants' and each of them, operated SHANGHAI CHINA & ZAOH as though each was accessible.

11.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the SHANGHAI CHINA & ZAOH  as each being handicapped accessible and handicapped usable.

13.     On or about April 17, 2010, it was plaintiff CRAIG YATES's intent to dine at SHANGHAI CHINA or ZAOH's, and to take either Chinese or Japanese cuisine home with him.

14.     On or about April 17, 2010, May 11, 2010, June 15, 2010 and August 2, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject SHANGHAI CHINA RESTAURANT, for purposes of having food and beverage.

15.     On or about April 17, 2010, May 12, 2010 and July 14, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject ZAOH RESTAURANT, for purposes of having food and beverage.

16.     On or about April 17, 2010, plaintiff CRAIG YATES power wheeled to SHANGHAI CHINA RESTAURANT.  Plaintiff CRAIG YATES encountered a step-up approximately three (3) inches and could not gain access into the subject restaurant. Plaintiff CRAIG YATES opened the front door of SHANGHAI CHINA RESTAURANT.  An employee came out to take plaintiff CRAIG YATES's order, returning with Chinese food and providing it to plaintiff CRAIG YATES on the sidewalk.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    17.    On or about April 17, 2010, plaintiff CRAIG YATES then wheeled to ZAOH
2  RESTAURANT. Plaintiff CRAIG YATES encountered a three (3) inch step. Again, plaintiff
3  CRAIG YATES opened the entry door but could not gain access due to the step-up at the subject
4  restaurant. Plaintiff CRAIG YATES was compelled to order Japanese food from the sidewalk
5  outside ZAOH.

6    18.    Rather than plaintiff CRAIG YATES being able to dine at either restaurant(s),
7  plaintiff CRAIG YATES was forced to be served on the sidewalk.

8    19.    On or about April 21, 2010, plaintiff CRAIG YATES wrote four (4) letters to the
9  landlords and tenants about the lack of access and provided them with the phone number of
10  Prairie Industries, which markets portable ramps. Plaintiff CRAIG YATES never received a
11  response from either restaurant (SHANGHAI CHINA/ZAOH) or the landlords.

12    20.    Again, on or about May 11, 2010, June 15, 2010 and August 2, 2010, plaintiff
13  CRAIG YATES patronized the SHANGHAI CHINA RESTAURANT. On each occasion,
14  plaintiff CRAIG YATES encountered the step which denied him access. On each occasion,
15  plaintiff CRAIG YATES attempted to explain to a male employee the need for a curb-cut type
16  ramp. Plaintiff CRAIG YATES had needed to use unisex sanitary facility. Plaintiff CRAIG
17  YATES was informed that the SHANGHAI CHINA RESTAURANT did not have an accessible
18  restroom and that it would be a futile gesture for plaintiff CRAIG YATES to attempt to use the
19  restroom.

20    21.    On or about May 12, 2010 and July 14, 2010, plaintiff CRAIG YATES returned
21  to ZAOH RESTAURANT. Plaintiff CRAIG YATES encountered the same step at the entrance
22  which impeded his entry. On each of these two (2) occasions, plaintiff CRAIG YATES ordered
23  from and was served on the sidewalk. On each of these occasions, plaintiff CRAIG YATES
24  spoke to a female employee about providing a curb-cut entry.

25    22.    At said time(s) and place, plaintiff CRAIG YATES needed to use a restroom.
26  Plaintiff CRAIG YATES was informed that ZAOH RESTAURANT had a unisex restroom but it
27  was not accessible to wheelchair users. Therefore, plaintiff CRAIG YATES made no attempts to
28  use it as it would have been a futile gesture.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23. At all times stated herein, it was "readily achievable" for defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006 to provide access. Defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006's building has approximately forty (40) apartments, which provide the financial ability to remove architectural barriers at SHANGHAI CHINA and ZAOH.

24. Therefore, at said times and places, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject restaurants which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

  a. lack of directional signage to show accessible routes of travel, i.e. entrances or procedure for access assistance at each restaurant;

  b. lack of an accessible entrance at each restaurant;

  c. lack of a handicapped-accessible unisex public restroom for ambulatory impaired persons at SHANGHAI CHINA;

  d. lack of a handicapped-accessible unisex public restroom at ZAOH's restaurant;

  e. lack of proper signage at each restaurant;

  f. lack of alternative methods of access rather than a permanent curb-cut ramp at each restaurant; and

  g. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

25. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

///

///

1    26.    At all times stated herein, defendants, and each of them, did not act as reasonable
2  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
3  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
4  receiving the same goods and services as able bodied people and some of which may and did pose
5  a threat of harm and/or personal injury to people with disabilities.

6    27.    As a legal result of defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of
7  the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005; and SOO
8  QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"),
9  dated May 16, 2006's failure to act as a reasonable and prudent public accommodation in
10  identifying, removing or creating architectural barriers, policies, practices and procedures that
11  denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as
12  alleged herein.

13    28.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
14  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
15  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
16  person with physical disabilities being denied access, all to his damages as prayed hereinafter in
17  an amount within the jurisdiction of this court. No claim is being made for mental and emotional
18  distress over and above that usually associated with the discrimination and physical injuries
19  claimed, and no expert testimony regarding this usual mental and emotional distress will be
20  presented at trial in support of the claim for damages.

21    29.    Defendants', and each of their, failure to remove the architectural barriers
22  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
23  accommodation, and continues to create continuous and repeated exposure to substantially the
24  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.
25  ///
26  ///
27  ///
28  ///

1    30.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
2  by defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T.
3  ("Under Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the
4  SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006, because
5  defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T.
6  ("Under Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the
7  SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006
8  maintained two (2) restaurants without access for persons with physical disabilities to its facilities,
9  including but not limited to the entrance(s) and unisex restroom(s), and other public areas as
10  stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and
11  other persons with physical disabilities in these and other ways.

12    31.    On information and belief, construction alterations carried out by defendants have
13  also triggered access requirements under both California law and the Americans with Disabilities
14  Act of 1990.

15    32.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the
16  SHANGHAI CHINA & ZAOH to be made accessible to meet the requirements of both California
17  law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as
18  defendants operate each restaurant as a public facility.

19    33.    Plaintiff seeks damages for violation of their civil rights on April 17, 2010,
20  May 11, 2010, May 12, 2010, June 15, 2010, July 14, 2010 and August 2, 2010 and seeks
21  statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000
22  pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury)
23  determines was the date that some or all remedial work should have been completed under the
24  standard that the landlord and tenant had an ongoing duty to identify and remove architectural
25  barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from
26  returning to each subject public accommodation because of his knowledge and/or belief that
27  neither some or all architectural barriers had been removed and that each of said premises remains
28  inaccessible to persons with disabilities whether a wheelchair user or otherwise.

1    34.    On information and belief, defendants have been negligent in their affirmative duty
2    to identify the architectural barriers complained of herein and negligent in the removal of some or
3    all of said barriers.

4    35.    Because of defendants' violations, plaintiff and other persons with physical
5    disabilities are unable to use public facilities such as those owned and operated by defendants on a
6    "full and equal" basis unless each such facility is in compliance with the provisions of the
7    Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*
8    *seq.* and other accessibility law as plead herein.  Plaintiff seeks an order from this court
9    compelling defendants to make the SHANGHAI CHINA & ZAOH each accessible to persons
10   with disabilities.

11    36.    On information and belief, defendants have intentionally undertaken to modify and
12   alter existing building(s), and have failed to make them comply with accessibility requirements
13   under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each
14   of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
15   and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
16   out by defendants, and each of them, with a willful and conscious disregard for the rights and
17   safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
18   provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
19   defendants, and each of them, to other operators and landlords of other sushi and Chinese
20   restaurants  and other public facilities, and to punish defendants and to carry out the purposes of
21   the Civil Code §§ 51, 51.5 and 54.

22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      37.     Plaintiff is informed and believes and therefore alleges that defendants KAAN Y.
2  CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of
3  Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST,
4  U.D.T. ("Under Declaration of Trust"), dated May 16, 2006, and each of them, caused the subject
5  building(s) which constitute the SHANGHAI CHINA & ZAOH to be constructed, altered and
6  maintained in such a manner that persons with physical disabilities were denied full and equal
7  access to, within and throughout said building(s) of the subject restaurants and were denied full
8  and equal use of said public facilities.  Furthermore, on information and belief, defendants have
9  continued to maintain and operate said restaurants and/or its building(s) in such conditions up to
10 the present time, despite actual and constructive notice to such defendants that the configuration
11 of SHANGHAI CHINA & ZAOH and/or its building(s) is in violation of the civil rights of
12 persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the
13 disability community.  Such construction, modification, ownership, operation, maintenance and
14 practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
15 Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

16     38.     On personal knowledge, information and belief, the basis of defendants' actual and
17 constructive notice that the physical configuration of the facilities including, but not limited to,
18 architectural barriers constituting the subject restaurants and/or building(s) was in violation of the
19 civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,
20 communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other
21 restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon
22 modification, improvement, or substantial repair of the subject premises and other properties
23 owned by these defendants, newspaper articles and trade publications regarding the Americans
24 with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
25 Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants'
26 failure, under state and federal law, to make the SHANGHAI CHINA & ZAOH both accessible is
27 further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly
28 situated persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 Despite being informed of such effect on plaintiff and other persons with physical disabilities due
2 to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused
3 to take any steps to rectify the situation and to provide full and equal access for plaintiff and other
4 persons with physical disabilities to SHANGHAI CHINA & ZAOH. Said defendants, and each of
5 them, have continued such practices, in conscious disregard for the rights of plaintiff and other
6 persons with physical disabilities, up to the date of filing of this complaint, and continuing
7 thereon. Defendants had further actual knowledge of the architectural barriers referred to herein
8 by virtue of the demand letter addressed to the defendants and served concurrently with the
9 summons and complaint. Said conduct, with knowledge of the effect it was and is having on
10 plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious
11 disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the
12 imposition of treble damages per Civil Code §§52 and 54.3.

13     39.     Plaintiff CRAIG YATES and the disability community, consisting of persons with
14 disabilities, would, could and will return to the subject public accommodation when it is made
15 accessible to persons with disabilities.

16 **I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
   **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
17     **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants KAAN Y.
18     CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under
       Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO
19     QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006 ,
       inclusive)
20     (42 U.S.C. §12101, *et seq.*)

21     40.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
22 the allegations contained in paragraphs 1 through 39 of this complaint.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    41.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

2  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

3  protect:

4            some 43 million Americans with one or more physical or mental
             disabilities; [that] historically society has tended to isolate and
5            segregate individuals with disabilities; [that] such forms of
             discrimination against individuals with disabilities continue to be a
6            serious and pervasive social problem; [that] the nation's proper
             goals regarding individuals with disabilities are to assure equality of
7            opportunity, full participation, independent living and economic
             self-sufficiency for such individuals; [and that] the continuing
8            existence of unfair and unnecessary discrimination and prejudice
             denies people with disabilities the opportunity to compete on an
9            equal basis and to pursue those opportunities for which our free
             society is justifiably famous.

10
     42.    Congress stated as its purpose in passing the Americans with Disabilities Act of
11
   1990 (42 U.S.C. §12102):
12
             It is the purpose of this act (1) to provide a clear and comprehensive
13           national mandate for the elimination of discrimination against
             individuals with disabilities; (2) to provide clear, strong, consistent,
14           enforceable standards addressing discrimination against individuals
             with disabilities; (3) to ensure that the Federal government plays a
15           central role in enforcing the standards established in this act on
             behalf of individuals with disabilities; and (4) to invoke the sweep
16           of Congressional authority, including the power to enforce the 14th
             Amendment and to regulate commerce, in order to address the
17           major areas of discrimination faced day to day by people with
             disabilities.
18

19    43.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

20  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

21  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

22  accommodations identified for purposes of this title was:

23           (7)    PUBLIC ACCOMMODATION - The following private
             entities are considered public accommodations for purposes of this
24           title, if the operations of such entities affect commerce -

25                                   ---

26                   (B) a restaurant, bar or other establishment serving food or
             drink.
27
             42 U.S.C. §12181(7)(B)
28

44.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

45.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

>                (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

>                (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

>                (iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

>                (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

>                (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

46.     The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of SHANGHAI CHINA & ZAOH pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

47.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

48.     On information and belief, construction work on, and modifications of, the subject building(s) of SHANGHAI CHINA & ZAOH occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

49.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

50.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about August 2, 2010, at SHANGHAI CHINA RESTAURANT and since on or about July 14, 2010 at ZAOH RESTAURANT, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access these public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

51.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

52.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 51 of this complaint.

53.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

1    54.    California Civil Code §54.1 provides that persons with disabilities shall not be

2 denied full and equal access to places of public accommodation or facilities:

3                (a)(1) Individuals with disabilities shall be entitled to full
     and equal access, as other members of the general public, to
4    accommodations, advantages, facilities, medical facilities, including
     hospitals, clinics, and physicians' offices, and privileges of all
5    common carriers, airplanes, motor vehicles, railroad trains,
     motorbuses, streetcars, boats, or any other public conveyances or
6    modes of transportation (whether private, public, franchised,
     licensed, contracted, or otherwise provided), telephone facilities,
7    adoption agencies, private schools, hotels, lodging places, places of
     public accommodation, amusement or resort, and other places to
8    which the general public is invited, subject only to the conditions
     and limitations established by law, or state or federal regulation, and
9    applicable alike to all persons.

10              Civil Code §54.1(a)(1)

11   55.    California Civil Code §54.1 further provides that a violation of the Americans with

12 Disabilities Act of 1990 constitutes a violation of section 54.1:

13              (d) A violation of the right of an individual under the
     Americans with Disabilities Act of 1990 (Public Law 101-336) also
14   constitutes a violation of this section, and nothing in this section
     shall be construed to limit the access of any person in violation of
15   that act.

16              Civil Code §54.1(d)

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    56.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2 whose rights have been infringed upon and violated by the defendants, and each of them, as

3 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6 defendants' SHANGHAI CHINA & ZAOH. As a legal result, plaintiff is entitled to seek

7 damages pursuant to a court or jury determination, in accordance with California Civil Code

8 §54.3(a) for each day on which he visited or have been deterred from visiting the restaurants

9 because of his knowledge and belief that the subject restaurants each is inaccessible to persons

10 with disabilities. California Civil Code §54.3(a) provides:

11                  Any person or persons, firm or corporation, who denies or interferes
                    with admittance to or enjoyment of the public facilities as specified
12                  in Sections 54 and 54.1 or otherwise interferes with the rights of an
                    individual with a disability under Sections 54, 54.1 and 54.2 is
13                  liable for each offense for the actual damages and any amount as
                    may be determined by a jury, or the court sitting without a jury, up
14                  to a maximum of three times the amount of actual damages but in
                    no case less than . . .one thousand dollars ($1,000) and . . .
15                  attorney's fees as may be determined by the court in addition
                    thereto, suffered by any person denied any of the rights provided in
16                  Sections 54, 54.1 and 54.2.

17                  Civil Code §54.3(a)

18    57.    On or about April 17, 2010, May 11, 2010, May 12, 2010, June 15, 2010, July 14,

19 2010 and August 2, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and

20 54.1 in that plaintiff CRAIG YATES was denied access to entrance(s) and unisex restroom(s) and

21 other public facilities as stated herein at SHANGHAI CHINA & ZAOH and on the basis that

22 plaintiff CRAIG YATES was a person with physical disabilities.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    58.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
2  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
3  and worry, all of which are expectedly and naturally associated with a denial of access to a person
4  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
5  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
6  person or an entity that represents persons with physical disabilities and unable, because of the
7  architectural barriers created and maintained by the defendants in violation of the subject laws, to
8  use the public facilities hereinabove described on a full and equal basis as other persons.

9    59.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
10  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
11  as a person or an entity that represents persons with physical disabilities on or about
12  April 17, 2010, May 11, 2010, May 12, 2010, June 15, 2010, July 14, 2010 and August 2, 2010,
13  and on a continuing basis since then, including statutory damages, a trebling of all of actual
14  damages, general and special damages available pursuant to §54.3 of the Civil Code according to
15  proof.

16    60.    As a result of defendants', and each of their, acts and omissions in this regard,
17  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
18  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
19  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
20  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
21  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
22  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
23  compel the defendants to make their facilities accessible to all members of the public with
24  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
25  the provisions of §1021.5 of the Code of Civil Procedure.

26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

III.    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006, inclusive)
(Health & Safety Code §19955, *et seq.*)

61.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 60 of this complaint.

62.    Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

63.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of SHANGHAI CHINA & ZAOH and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of each restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurants and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///

///

///

1    64.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

2  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

3  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

4  Regulations and these regulations must be complied with as to any alterations and/or

5  modifications of SHANGHAI CHINA & ZAOH and/or the building(s) occurring after that date.

6  Construction changes occurring prior to this date but after July 1, 1970 triggered access

7  requirements pursuant to the "ASA" requirements, the American Standards Association

8  Specifications, A117.1-1961.  On information and belief, at the time of the construction and

9  modification of said building, all buildings and facilities covered were required to conform to

10  each of the standards and specifications described in the American Standards Association

11  Specifications and/or those contained in Title 24 of the California Building Standards Code.

12    65.    Restaurants such as the SHANGHAI CHINA & ZAOH are "public

13  accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

14    66.    As a result of the actions and failure to act of defendants, and as a result of the

15  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

16  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

17  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

18  facilities.

19    67.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

20  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

21  civil rights and enforce provisions of the law protecting access for the persons with physical

22  disabilities and prohibiting discrimination against the persons with physical disabilities, and to

23  take such action both in plaintiff's own interests and in order to enforce an important right

24  affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all

25  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

26  §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

27  and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

28  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2     68.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3 them, to make the subject pleace of public accommodation readily accessible to and usable by

4 persons with disabilities.

5 **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**
**EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
6 **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET***
***SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
7 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants KAAN Y.
CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under
8 Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO
QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006,
9 inclusive)
(Civil Code §51, 51.5)

10
    69.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
11
the allegations contained in paragraphs 1 through 68 of this complaint.
12
    70.    Defendants' actions and omissions and failure to act as a reasonable and prudent
13
public accommodation in identifying, removing and/or creating architectural barriers, policies,
14
practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The
15
Unruh Act provides:
16
    This section shall be known, and may be cited, as the Unruh
17 Civil Rights Act.

18     All persons within the jurisdiction of this state are free and
equal, and no matter what their sex, race, color, religion, ancestry,
19 national origin, or **disability** are entitled to the full and equal
accommodations, advantages, facilities, privileges, or services in all
20 business establishments of every kind whatsoever.

21     This section shall not be construed to confer any right or
privilege on a person that is conditioned or limited by law or that is
22 applicable alike to persons of every sex, color, race, religion,
ancestry, national origin, or **disability.**
23
    Nothing in this section shall be construed to require any
24 construction, alteration, repair, structural or otherwise, or
modification of any sort whatsoever, beyond that construction,
25 alteration, repair, or modification that is otherwise required by other
provisions of law, to any new or existing establishment, facility,
26 building, improvement, or any other structure . . . nor shall anything
in this section be construed to augment, restrict, or alter in any way
27 the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect otherwise
28 possesses pursuant to other . . . laws.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    A violation of the right of any individual under the
     Americans with Disabilities Act of 1990 (Public Law 101-336) shall
2    also constitute a violation of this section.

3    As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

4    "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

5    failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

6    failing to act to identify and remove barriers can be construed as a "negligent per se" act of

7    defendants, and each of them.

8          71.    The acts and omissions of defendants stated herein are discriminatory in nature and

9    in violation of Civil Code §51.5:

10         No business establishment of any kind whatsoever shall
           discriminate against, boycott or blacklist, refuse to buy from, sell to,
11         or trade with any person in this state because of the race, creed,
           religion, color, national origin, sex, or **disability** of the person or of
12         the person's partners, members, stockholders, directors, officers,
           managers, superintendents, agents, employees, business associates,
13         suppliers, or customers.

14         As used in this section, "person" includes any person, firm
           association, organization, partnership, business trust, corporation,
15         limited liability company, or company.

16         Nothing in this section shall be construed to require any
           construction, alteration, repair, structural or otherwise, or
17         modification of any sort whatsoever, beyond that construction,
           alteration, repair or modification that is otherwise required by other
18         provisions of law, to any new or existing establishment, facility,
           building, improvement, or any other structure . . . nor shall anything
19         in this section be construed to augment, restrict or alter in any way
           the authority of the State Architect to require construction,
20         alteration, repair, or modifications that the State Architect otherwise
           possesses pursuant to other laws.
21
           72.    Defendants' acts and omissions as specified have denied to the plaintiff full and
22
     equal accommodations, advantages, facilities, privileges and services in a business establishment,
23
     on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil
24
     Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
25
     violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
26
     Law 101-336) shall also constitute a violation of this section."
27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                                              24

1 Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the

2 Americans with Disabilities Act at §40, *et seq*., as if repled herein.

3       73.     Further, plaintiff CRAIG YATES suffered mental distress, mental

4 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

5 disappointment and worry, all of which are expectedly and naturally associated with a denial of

6 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

7 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

8 basis that plaintiff is a person or an entity that represents persons with physical disabilities and

9 unable, because of the architectural barriers created and maintained by the defendants in violation

10 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

11 other persons.

12       74.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

13 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

14 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

15 allowed by statute, according to proof if deemed to be the prevailing party.

16 **PRAYER:**

17     Plaintiff prays that this court award damages and provide relief as follows:

18 **I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
19 **DISABLITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq*.)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants KAAN Y.
20 CHIN and EVA K. CHIN. as Trustees of the Chin Family Trust, U.D.T. ("Under
Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO
21 QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006,
inclusive)
22 (42 U.S.C. §12101, *et seq.*)

23       1.     For injunctive relief, compelling defendants KAAN Y. CHIN and EVA K. CHIN,

24 as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005;

25 and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration

26 of Trust"), dated May 16, 2006, inclusive, to make the SHANGHAI CHINA RESTAURANT &

27 ZAOH RESTAURANT, located at 1555 Mission Street, 1559 Mission Street, San Francisco,

28 California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and

2   procedures so as to afford full access to the goods, services, facilities, privileges, advantages and

3   accommodations being offered.

4        2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

5   prevailing party; and

6        3.     For such other and further relief as the court may deem proper.

7   **II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
**EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
8       **AND 54.3, *ET SEO.***
      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants KAAN Y.
9       CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under
      Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO
10      QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006,
      inclusive)
11      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

12        1.     For injunctive relief, compelling defendants KAAN Y. CHIN and EVA K. CHIN,

13   as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005;

14   and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration

15   of Trust"), dated May 16, 2006, inclusive, to make the SHANGHAI CHINA RESTAURANT &

16   ZAOH RESTAURANT, located at 1555 Mission Street, 1559 Mission Street, San Francisco,

17   California, readily accessible to and usable by individuals with disabilities, per state law.

18        2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

19   each occasion on which plaintiff was deterred from returning to the subject public

20   accommodation.

21        3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

22   if plaintiffs are deemed the prevailing party;

23        4.     Treble damages pursuant to Civil Code §54.3;

24        5.     General damages according to proof;

25        6.     For all costs of suit;

26        7.     Prejudgment interest pursuant to Civil Code §3291; and

27        8.     Such other and further relief as the court may deem just and proper.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006, inclusive)
(Health & Safety code §19955, *et seq.*)

1.  For injunctive relief, compelling defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006, inclusive, to make the SHANGHAI CHINA RESTAURANT & ZAOH RESTAURANT, located at 1555 Mission Street, 1559 Mission Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.  For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.  For all costs of suit;

4.  For prejudgment interest pursuant to Civil Code §3291;

5.  Such other and further relief as the court may deem just and proper.

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants KAAN Y. CHIN and EVA K. CHIN, as Trustees of the Chin Family Trust, U.D.T. ("Under Declaration of Trust"), dated May 19, 2005; and SOO QUN CHIN, as Trustee of the SOO QUN CHIN TRUST, U.D.T. ("Under Declaration of Trust"), dated May 16, 2006, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.  All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.  Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.  General damages according to proof;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    4.    Treble damages pursuant to Civil Code §52(a);

2    5.    For all costs of suit;

3    6.    Prejudgment interest pursuant to Civil Code §3291; and

4    7.    Such other and further relief as the court may deem just and proper.

5

6    Dated: _____8/4/10_____, 2010    THOMAS E. FRANKOVICH,
                                      *A PROFESSIONAL LAW CORPORATION*

7

8

9                                    By: _____
                                         THOMAS E. FRANKOVICH
10                                       Attorneys for Plaintiff CRAIG YATES, an individual

11

12                            **DEMAND FOR JURY TRIAL**

13    Plaintiff hereby demands a jury for all claims for which a jury is permitted.

14

15   Dated: _____8/11/10_____, 2010   THOMAS E. FRANKOVICH,
                                      *A PROFESSIONAL LAW CORPORATION*

16

17

18                                   By: _____
                                         THOMAS E. FRANKOVICH
19                                       Attorneys for Plaintiff CRAIG YATES, an individual

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES